**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:90-CR-0323-B-BH (02)** |
| | ) | |
| **DOMINGO TURRO, ID # 21386-077,** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference dated July 6, 2009, before the Court for determination or recommendation is the *Petition for Time Calculation Relief* filed on or about June 24, 2009, by Domingo Turro ("Turro"). He asks the Court to clarify whether the sentence imposed in this case is concurrent with or consecutive to his state sentence and to calculate all time that counts toward the sentence imposed in this case.

**I.**

On April 25, 1991, judgment was entered and filed in this case. The judgment does not address whether Turro's federal sentence is to run concurrently with or consecutively to Turro's state sentence.[1] When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that "they will run consecutively, unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Because the judgment in this case does not address this issue, the presumption that a federal sentence is consecutive to any term of imprisonment imposed at a different time applies. *See* 18 U.S.C. § 3584(a) (last sentence); *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006). No further clarification is warranted.

---

[1] Attached to this order is a copy of the judgment entered in this case with the social security number, date of birth, and former mailing address for Turro redacted.

To the extent that any time calculation is appropriate given that the state and federal sentences are presumed to run consecutively in this case, the Federal Bureau of Prisons is responsible for time calculations. *See United States v. Wilson*, 503 U.S. 329, 334-37 (1992). The federal courts have no authority to independently calculate the time that counts toward the sentence imposed other than through their role to review time calculations through 28 U.S.C. § 2241. Although claims related to time computations for federal sentences are properly brought pursuant to § 2241, *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988), a federal prisoner who challenges the manner in which his or her sentence is executed must file a § 2241 habeas petition in the district in which he or she is incarcerated, *see Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001). Because Turro was incarcerated in Beaumont, Texas,[2] when he filed his petition, this Court has no jurisdiction over any claim by him that could be construed as arising under § 2241.[3] *See id.* at 375 & n.4. Turro must file any such petition in the appropriate court. *Id.*

## II.

The Court should **DENY** the petition for clarification.

**SIGNED this 23rd day of July, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Beaumont is in Jefferson County, which lies within the territorial confines of the Beaumont division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(2).

[3] Turro does not challenge his conviction or sentence in the petition, so it cannot be construed as a motion to vacate filed pursuant to 28 U.S.C. § 2255.

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE